### 22958. KLAUSMAN v. ROSENBERG.

DUCKWORTH, Chief Justice. Whereas, in the contract of organization of a new corporation to absorb a partnership and an existing corporate business, it was therein agreed by and between the two partners and the sole stockholder of the absorbed corporation, each partner to have 50% of the stock, that "the corporation shall not attempt to, nor hire, retain, employ or otherwise have in its service any employee who is objectionable to either" provided however each might employ a son and a son-in-law, respectively, the absorbed corporation owner being the son-in-law of the present president who was then hired, and it appearing that the president had attempted, without obtaining the consent of the other stockholder, to employ a grandson by executing a similar contract of employment with him that the son-in-law had who had quit the business, said prospective employee being known as objectionable to the other stockholder, the contract of employment

was beyond the corporate authority of the president to execute, and the grandson having actual knowledge thereof, it was unenforceable, ultra vires, null and void. All of the above appearing to the lower court from the pleadings, depositions and briefs of counsel by agreement of counsel, and all of the material facts being without dispute, the lower court did not err in denying the prayers for injunctive relief and dismissing the petition of the grandson seeking to enforce the contract.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 11, 1965—DECIDED MAY 18, 1965.

*Nall, Miller, Cadenhead & Dennis, Theodore G. Frankel,* for plaintiff in error.

*King & Spalding, Charles H. Kirbo, Harry C. Howard, Byron Attridge,* contra.